UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff-Respondent, | ) | 08 C 1241 |
| v. | ) | |
| | ) | Petition Pursuant to 28 U.S.C. § 2255 |
| RODNEY BEW, | ) | In re: 04 CR 253-01 |
| Defendant-Petitioner. | ) | Honorable Judge David H. Coar |

## GOVERNMENT'S MOTION TO DISMISS DEFENDANT'S PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

The UNITED STATES OF AMERICA, through its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Honorable Court to dismiss defendant's petition to vacate, set aside, or correct his sentence. In support thereof, the government states as follows:

## BACKGROUND

On October 18, 2005, pursuant to a written plea agreement, defendant Rodney Bew pled guilty to a superseding indictment charging him with conspiracy to possess with the intent to distribute and to distribute cocaine and cocaine base in the form of crack cocaine, in violation of Title 21, United States Code, Section 846. A copy of the plea agreement is attached as Exhibit A.

This Court accepted his plea, and on June 1, 2006, sentenced defendant to 216 months' imprisonment. Defendant filed a notice of appeal on June 12, 2006, which was later voluntarily dismissed on July 19, 2006, on the defendant's own motion. This Court then entered judgment on the conviction on July 19, 2006.

On or about May 24, 2007, defendant sent a handwritten document entitled "Motion File for

Ineffective Assistance of Counsel" and a corresponding cover letter to the district court. The documents are attached as Exhibit B. In this *pro se* motion, defendant sought another sentencing hearing, claiming that his attorney was ineffective by not contesting certain portions of the Pre-Sentence Investigation Report ("PSR"), including (1) the calculation of his criminal history points, (2) the finding that he was a career offender under the guidelines, and (3) the calculation of the drug type and quantity, claiming that the drug type had been changed for his co-defendants. Defendant also claimed that his attorney did not correctly advise him on the meaning of a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and that his attorney failed to advise him of what defendant described as "right violations in concerns of confidential informant."

On November 2, 2007, defendant again wrote to the District Court, inquiring about whether the District Court had ordered the government to respond to his "hand-written letter preserving my right to file a § 2255 petition." The letter is attached as Exhibit C.

On February 29, 2008, well over a year's time from the date of the entry of judgment on his conviction, defendant filed a fourteen page motion entitled, "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody." In this motion, defendant again alleged ineffective assistance of counsel, but also added additional allegations, including (1) Title 18 was enacted in violation of the United States Constitution; (2) a "Booker Rule" violation because the government never gave sufficient notice of intent to seek a sentencing enhancement based upon his leadership role, the enhancement was not a part of the plea agreement, and the enhancement was "not sufficiently evidenced beyond judicial belief," and (3) a recent amendment to the Sentencing Guidelines lowering the base offense levels applicable to cocaine base ("crack") entitled defendant to a reduction in his sentence.

In both of his motions, defendant sole request is that he be re-sentenced to the "proper" or "correct" guideline sentence.

## ARGUMENT

### I.    Portions of Defendant's § 2255 Petition Are Time-Barred

Defendant filed a document entitled "Motion File for Ineffective Assistance of Counsel" on May 24, 2007, within one year of the judgment of conviction, and therefore, the claim raised in this initial document appear to be timely.  Section 2255(f) of Title 28 of the United States Code provides for a one year "period of limitation" governing motions for collateral relief under 28 U.S.C. §2255. The one-year period runs from "the latest of" four specified events: (1) "the date on which the judgment of conviction becomes final"; (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action"; (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f).  The Seventh Circuit Court of Appeals strictly applies the one-year limitations period in order to effectuate the purposes of Congress.  *See United States v. Marchello,* 212 F. 3d 1005, 1010 (7th Cir. 2000) (upholding the dismissal of a petition under § 2255 as untimely because it was one day late).

Defendant's subsequent petition under 28 U.S.C. § 2255, which he signed and dated on February 21, 2008, and filed in the Northern District of Illinois on February 29, 2008, however, is untimely, but should nevertheless be considered a motion to amend the original motion.  A claim

raised in a motion to amend filed after the expiration of the one-year limitation is deemed to have been filed within the one-year period only of the claim "relates back" to defendant's original motion. Fed. R. Civ. P. 15 (c); *Mayle v. Felix*, 545 U.S. 644, 654 (2005). A comparison of the two motions shows that defendant's ineffective assistance of counsel claim is the only allegation raised in the original, timely motion. The remaining allegations in the subsequent motion (i.e. that Title 18 is in violation of the United States Constitution;[1] that the sentencing enhancement violated Booker,[2] and that he is entitled to a reduction in sentence due to the recent amendment to the Sentencing Guidelines[3]) are unrelated to his ineffective assistance of counsel claim, and therefore untimely and should be dismissed.

**II. Defendant's Remaining Claim Is Precluded by the Terms of the Plea Agreement**.

The defendant explicitly waived his ability to challenge his sentence or the method of its calculation through this collateral attack. Paragraph 14 of defendant's plea agreement reads:

> Defendant is also aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this,

---

[1] Even if defendant overcame the procedural hurdles to have this claim decided on its merits, the Seventh Circuit recently found that such an argument was "unbelievably frivolous." *United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007).

[2] Likewise, the Seventh Circuit considers such Booker claims frivolous as well, finding that those who raise such arguments "either do not read judicial opinions or do not understand them or cannot distinguish a majority from a dissenting opinion, or are 'in denial,' or are 'Booker Protesters.'" *United States v. Hawkins*, 480 F.3d 476, 477 (7th Cir. 2007). Moreover, contrary to defendant's claim, the sentencing enhancement for defendant's role in the offense was included in paragraph 8(c) of defendant's plea agreement.

[3] Defendant's request for a sentencing reduction based on a recent amendment to the Sentencing Guidelines lowering the base offense levels applicable to cocaine base ("crack") offenses should be construed as a motion for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2). The government will file a response to the merits of that motion in a separate filing under the original criminal case number within one week.

4

the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statutes of conviction (or the manner in which that sentence was determined), in exchange for the concessions made by the United States in this Plea Agreement.  The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.  *The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation*.

(Emphasis Added).

The Seventh Circuit has upheld such explicit waivers, indicating that such waivers extinguish the right to mount a collateral attack even under an allegation of ineffective assistance of counsel, as long as such claims do not relate directly to the negotiation of the waiver.  *See, e.g.*, *Mason v. United States*, 211 F.3d 1065, 1068 (7th Cir. 2000); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999).  In *Mason*, the Seventh Circuit affirmed the district court's finding that a defendant who waived his right to seek post-conviction relief was barred from raising an ineffective assistance of counsel claim relating to anything other than the issue of whether the waiver itself was deficient.  *Mason*, 211 F.3d at 1069.

Defendant never challenged the voluntariness of the negotiation of the waiver in his plea agreement or claimed that he received ineffective assistance of counsel *with respect to the negotiation of the waiver*.  Instead, defendant's ineffective assistance of counsel claim relates only to his attorney's performance with respect to sentencing or other aspects of the case having nothing to do with the issue of a deficient negotiation of the waiver.  Therefore, the defendant's §2255 petition is barred by his voluntary agreement, entered into with the assistance of counsel, to the explicit terms of paragraph 14 of the plea agreement.

5

WHEREFORE, for the foregoing reasons, the government respectfully requests that the defendant's motion under 28 U.S.C. §2255 to vacate, set aside, or correct his sentence be dismissed. If this Court determines that defendant has overcome both procedural hurdles for any of the allegations, the government respectfully requests an opportunity to respond to the merits of his argument.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:      s/ Ronald L. DeWald, Jr.
Ronald L. DeWald, Jr.
Assistant U.S. Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-4187

Date: May 23, 2008

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned Assistant United State Attorney hereby certifies that the **Government's Motion To Dismiss Defendant's Petition to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody**, was served on May 23, 2008, in accordance with Fed. R. Crim. P. 49 and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers, and by U.S. mail to the non-ECF filers, listed below.

        Rodney C. Bew
        Prisoner Number: 16835-424
        U.S.P. Atlanta
        P.O. Box 150160
        Atlanta, GA 30315

          *s/ Ronald DeWald, Jr.*
          RONALD DEWALD, Jr.
          Assistant United States Attorney
          219 S. Dearborn Street
          Chicago, Illinois   60604
          (312) 886-4187