IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Petitioner, ) | |
| ) | No.  08 C 1241 |
| v. ) | |
| ) | |
| RODNEY BEW ) | HONORABLE DAVID H. COAR |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Rodney Bew's motion to vacate his sentence pursuant to 28 U.S.C. § 2254 is before this Court. For the following reasons, the motion is dismissed with the exception of Petitioner's claim for sentence reduction pursuant to Amendment 706.

**I. FACTS**

On October 18, 2005, pursuant to a written plea agreement, Petitioner Rodney Bew pled guilty to a superseding indictment charging him with conspiracy to possess with the intent to distribute and to distribute cocaine and cocaine base in the form of crack cocaine, in violation of 21 U.S.C. §846. This court accepted the plea, and Petitioner was sentenced to 216 months imprisonment on June 1, 2006. Defendant filed a notice of appeal on June 12, 2006, and later voluntarily dismissed it on July 19, 2006. This court entered judgment on the conviction on July 19, 2006.

The plea agreement contained an appellate waiver that provided as follows:

>Defendant is also aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined), in exchange for the concessions made by the United States in this Plea Agreement. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

On or about May 24, 2007, Petitioner filed a handwritten document entitled "Motion Filed For Ineffective Assistance of Counsel." Defendant sought another sentencing hearing, claiming that his attorney was ineffective by not contesting certain portions of the Pre-Sentence Investigation Report ("PSR"), including (1) the calculation of his criminal history points, (2) the finding that he was a career offender under the guidelines, and (3) the calculation of the drug type and quantity, claiming that the drug type had been changed for his co-defendants. Petitioner also claimed that his attorney did not correctly advise him on the meaning of a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and that his attorney failed to advise him of what Petitioner described as "right violations in concerns of confidential informant."

On February 29, 2008, Petitioner filed the instant motion pursuant to 28 U.S.C. 2255. In this motion, Petitioner again alleged ineffective assistance of counsel, in addition to the following allegations: (1) Title 18 was enacted in violation of the United States Constitution, (2) a "Booker Rule" violation occurred in the sentence enhancement, (3) there was insufficient evidence supporting the "leadership role" because government never gave sufficient notice of intent to seek a sentencing enhancement based upon his leadership role, the enhancement was not a part of the plea agreement, and the enhancement was "not sufficiently evidenced beyond

judicial belief," and (4) a recent amendment to the Sentencing Guidelines lowering the base offense levels applicable to cocaine base ("crack") entitled Petitioner to a reduction of sentence.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, federal prisoners can challenge the imposition or length of their detention if their conviction or their sentence is based on an error that is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1995) (internal quotations and citations omitted).  If the reviewing court determines that any such defect exists in the judgment or sentence, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

In addition, after reviewing the Petitioner's motion, the government's response, and any record of prior court proceedings, the court will determine whether an evidentiary hearing is required. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings. "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the [court] shall make an order of summary dismissal." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings; *see also Liss v. United States*, 915 F.2d 287, 290 (7th Cir. 1990). Habeas corpus relief is reserved for extraordinary situations. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).

## III. ANALYSIS

As an initial matter, the Government raises the issue of timeliness. Under 28 U.S.C. §2255(f), a one-year statute of limitations period applies to motions for collateral relief under 28

U.S.C. §2255. The one-year period runs from the latest of: (1) the date on which the judgment of conviction becomes final, (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action, (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2255(f).

In the present case, final judgment was entered on July 19, 2006. Petitioner filed his motion for ineffective assistance of counsel on May 24, 2007, within the one year period from final judgment. Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 on February 29, 2008, outside the one-year period from final judgment. The Government acknowledges that Petitioner's ineffective assistance of counsel claims are not time-barred. Government argues that all other claims raised in Petitioner's habeas petition are time-barred, as they were filed outside of the one-year statutory period, and should be dismissed. This court agrees that, under 28 U.S.C. §2255(f), the following claims by Petitioner are time-barred: (1) Title 18 was enacted in violation of the United States Constitution, (2) a "Booker Rule" violation occurred in the sentence enhancement, and (3) there was insufficient evidence supporting the "leadership role" because government never gave sufficient notice of intent to seek a sentencing enhancement based upon his leadership role, the enhancement was not a part of the plea agreement, and the enhancement was "not sufficiently evidenced beyond judicial belief." These claims are dismissed.

Petitioner's claim for sentence reduction pursuant to Amendment 706 is not time-barred. Amendment 706 did not come into affect until March 1, 2008, and Petitioner's motion for sentence reduction is still valid. This claim is severed from the instant §2255 habeas petition, and deemed a stand alone motion for reduction. The Federal Defender is appointed to represent Petitioner in connection to this motion.

The only remaining habeas claims by Petitioner are the ineffective assistance of counsel claims. The Seventh Circuit has held that, where the petitioner has waived his right to challenge his sentence in a collateral attack (as in the current case), an ineffective assistance of counsel claim may be brought under a collateral attack only if the challenge relates to the negotiation of the waiver itself. *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. Ind. 2000); *Jones v. United States*, 167 F.3d 1142 (7th Cir. Ill. 1999). Indeed the plea agreement provides just that. Any other claims of ineffective assistance of counsel that do not go to the negotiation of the waiver are barred by the waiver. In the present case, Petitioner waived his rights to bring a collateral attack under 28 U.S.C. §2255 in paragraph 14 of the plea agreement. The only exception is if ineffective assistance of counsel claims go to the negotiation of the waiver itself. Petitioner raises ineffective assistance of counsel claims on the grounds of discovery, lack of investigatory action, lack of motivation and ability to negotiate plea agreement, failure to object to incorrect information, lack of attempt to offer mitigating factors at sentencing, failure to argue past criminal history, and failure to explain "relevant conduct." Specifically, Petitioner asserts in his May 24, 2007 motion that his attorney was ineffective for not contesting his career criminal status in his plea agreement and the drug amount calculation, for having Petitioner sign the plea on the same day it was introduced, for not informing Petitioner that the plea was only for the

drug conspiracy and not outside cases, and for not informing Petitioner that there were rights violations concerning the confidential informant. Petitioner does not challenge the voluntariness of the negotiation of the waiver in his plea agreement or claim that he received ineffective assistance of counsel with respect to the negotiation of the waiver. During the plea colloquy, the Petitioner acknowledged that he had read the plea agreement and discussed it with his attorney. Thus, all claims of ineffective assistance of counsel are barred by the waiver in paragraph 14 of the plea agreement, and are dismissed.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside or Correct Sentence is dismissed with the exception of Petitioner's claim for sentence reduction pursuant to Amendment 706. This claim is severed from the instant §2255 habeas petition, and deemed a stand alone motion for reduction. The Federal Defender is appointed to represent Petitioner in connection to that motion.

Enter:

/s/ David H. Coar

_____

David H. Coar

United States District Judge

Dated: **May 30, 2008**